JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arsen Darmandzhyan, | No.   CV-26-01037-PHX-KML (JFM) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| Kristi Noem, et al., | |
| Respondents. | |

    Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention.[1] (Doc. 1.)

    Petitioner entered the United States in 1979, when he was 3 years old, as a lawful permanent resident. (*Id.* ¶ 4.) In 2004, Petitioner was convicted of sexual battery in California and lost his residency. (*Id.*) Following his release from prison on January 11, 2013, an Immigration Judge ordered Petitioner removed from the United States. (*Id.* ¶ 5.) Petitioner had a passport from the former United Soviet Socialist Republic, and he is Armenian. (*Id.*) Immigration and Customs Enforcement (ICE) officials determined that they could not remove Petitioner, and he was released from custody under an order of supervision. (*Id.*)

---

[1] In addition to his Petition, Petitioner also filed a Motion for Temporary Restraining Order (Doc. 2). Because the Court is directing Respondents to promptly show cause why the Petition should not be granted, the Court finds Petitioner is not entitled to preliminary relief at this juncture. Therefore, the Court will deny the Motion without prejudice.

On January 16, 2026, Petitioner was re-detained by Customs and Border Protection officials without a pre-deprivation hearing and subsequently transferred to the Florence Correctional Center. (*Id.* ¶ 30.) ICE has not provided Petitioner with any written decision explaining the legal basis for his detention, any notice of post-order custody review, or any record showing that ICE conducted the required custody-review procedures. (*Id.* ¶ 31.) ICE also has not provided any documentation indicating whether it claims to detain Petitioner under 8 U.S.C. § 1226 or 8 U.S.C. § 1231. (*Id.* ¶ 32.) Respondents have not provided Petitioner with any Order of Supervision, any notice of revocation of supervised release, or any documentation indicating that ICE has undertaken efforts to remove him, such as requests for travel documents or communication with consular officials, or any evidence that a receiving country has agreed to accept him. (*Id.* ¶ 31.)

Petitioner asks the Court to order his immediate release and enjoin and declare that he cannot be re-arrested unless and until a hearing can be held before a neutral adjudicator to determine whether his re-incarceration would be lawful because the government has shown that he is a danger or a flight risk by clear and convincing evidence. (*Id.* at 27.)

Numerous courts have concluded individuals like Petitioner, who were released from immigration detention, are entitled to a pre-deprivation hearing prior to any rearrest or detention as a matter of due process. *See, e.g., J.C.E.P. v. Wofford*, CV-25-01559-EFB (HC), 2025 WL 3268273, *6 (E.D. Cal. Nov. 24, 2025) (collecting cases); *Ramirez Clavijo v. Kaiser*, CV-25-06248-BLF, 2025 WL 2419263, at *6 (N.D. Cal. Aug. 21, 2025) ("Petitioner thus has shown a likelihood of success on the merits of her claim that she is entitled to a pre-deprivation hearing before a neutral decisionmaker prior to any re-arrest or detention under the Due Process Clause."); *Singh v. Andrews*, CV-25-00801-KES-SKO (HC), 2025 WL 1918679, at *8 (E.D. Cal. July 11, 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to process, and that process should have been provided before petitioner was detained.").

Respondents must show cause why the Petition should not be granted. Any response must be supported by documentary evidence including, if applicable, affidavits

signed under penalty of perjury by individuals with personal knowledge of the factual statements made therein.

**IT IS ORDERED:**

(1) Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **denied without prejudice**.

(2) Counsel for Petitioner must immediately serve the Petition (Doc. 1) on Respondents.

(3) If not already issued, the Clerk of Court must issue any properly completed summonses.

(4) The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(5) Respondents must show cause no later than **February 24, 2026**, why the Petition should not be granted.

(6) Petitioner may file a reply no later than **February 26, 2026**.

Dated this 17th day of February, 2026.

Honorable Krissa M. Lanham
United States District Judge